IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY RAY COX, # 115090, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv890-TMH |
| ) | (WO) |
| KIM TOBIAS THOMAS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* petition for a writ of habeas corpus filed by Johnny Ray Cox ("Cox") on October 9, 2012.[1] (doc. # 1)  Cox, who is incarcerated at the Limestone Correctional Facility in Harvest, Alabama, is in custody pursuant to a conviction for second-degree murder entered against him by the Circuit Court of Madison County, Alabama, following a jury trial in April 1978.  He was sentenced to 150 years in prison.[2]  In his petition, Cox challenges the validity of his murder conviction and also challenges the State's calculation of the time he has served toward his sentence.[3]

---

[1] Although the petition was date-stamped "received" in this court on October 11, 2012, Cox represents that he signed the petition on October 9, 2012.  Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the date it is signed by the petitioner.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

[2] *See Cox v. State*, 363 So.2d 1054 (Ala. Crim. App. 1978).

[3] Cox filed his habeas petition under the rubric of 28 U.S.C. § 2241.  However, because he is imprisoned pursuant to a state court judgment, the relief he seeks is properly sought through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## DISCUSSION

This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for a writ of habeas corpus to "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d). Cox is incarcerated in a state prison in Harvest, Alabama, which is located in Madison County, Alabama. Madison County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Cox is in custody pursuant to a conviction for second-degree murder and resulting 150-year sentence entered against him by the Circuit Court of Madison County, also located within the jurisdiction of the United States District Court for the Northern District of Alabama. By his habeas petition, he challenges the validity of his murder conviction and the calculation of the time he has served toward his sentence. In light of the foregoing, this court concludes that the transfer of this case to United States District Court for the Northern District of Alabama for hearing and determination is appropriate.[4]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

---

[4] A decision on Cox's application for *in forma pauperis* status (Doc. No. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before November 6, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of October, 2012.

                                        /s/Charles S. Coody
                                   CHARLES S. COODY
                                   UNITED STATES MAGISTRATE JUDGE